**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50209 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-03683-AJB-1 |
| v. | |
| MARCIAL CARRILLO-SERNA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Marcial Carrillo-Serna appeals from the district court's judgment and

challenges the 57-month sentence and 3-year term of supervised release imposed

following his guilty-plea conviction for importation of a controlled substance in

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Carrillo-Serna first contends that the district court plainly erred in its analysis of unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). He argues that the court improperly limited its comparison only to other sentences it had imposed and improperly attempted to maintain consistency with sentences imposed before the COVID-19 pandemic.[1] We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court did not err by considering sentences imposed in its own cases, and its disparity analysis was consistent with § 3553(a)(6). *See United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). Moreover, the district court considered Carrillo-Serna's pandemic-related mitigating argument and otherwise conducted the required individualized analysis of the § 3553(a) sentencing factors. *See Treadwell*, 593 F.3d at 1011-12. To the extent Carrillo-Serna argues that the 57-month sentence is substantively unreasonable, we conclude that the below-Guidelines sentence is reasonable in light of the totality of the circumstances and the § 3553(a) factors, including the seriousness of the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[1] We grant Carrillo-Serna's unopposed request for judicial notice of sentences and drug amounts in various cases before the district court. *See United States v. Navarro*, 800 F.3d 1104, 1109 n.3 (9th Cir. 2015).

Carrillo-Serna also contends that the district court procedurally erred by failing to calculate the supervised release Guidelines range and by failing to provide a specific and particularized explanation that supervised release offered an additional measure of deterrence and protection pursuant to U.S.S.G. § 5D1.1(c). The district court did not plainly err. *See Valencia-Barragan*, 608 F.3d at 1108. The court expressed concerns about deterrence and protection of the public, and imposed a mid-Guideline term of supervised release consistent with recommendations by the probation office and the government. On this record, Carrillo-Serna cannot show a reasonable probability that he would have received a different sentence if the district court had expressly calculated the supervised release Guideline range or provided a fuller explanation for the three-year term. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

20-50209